IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | : | |
| | : | Case No. 1:20-cr-52 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order to Supplement Record regarding |
| Kenneth Eugene Green, | : | Motion to Reduce Sentence |
| | : | |
| Defendant. | : | |

This matter is before the Court on the First Motion to Reduce Sentence Pursuant to 18

U.S.C. § 3582(c)(1)(A)(i) (Compassionate Release) filed by Defendant Kenneth Eugene Green.

(Doc. 398.)  The Government filed a Response in Opposition.  (Doc. 401.)

On September 9, 2025, the Court sentenced Green to 30 months imprisonment followed

by 5 years of supervised release for conspiracy with intent to distribute fentanyl.  (Doc. 393.)

The Court has twice extended the self-surrender date for Green because he has benign prostatic

hyperplasia, more commonly known as prostate cancer, and is undergoing radiation treatments.

(Docs. 396, 400.)  He is currently ordered to self-surrender to the Bureau of Prisons ("BOP") on

October 29, 2026.  (Doc. 400.)  Green now moves the Court to reduce his sentence under

§ 3582(c)(1)(A)(1).

A district court can reduce a term of imprisonment upon motion of a defendant for

"extraordinary and compelling reasons" if the reduction is "consistent with applicable policy

statements" but only after "considering the factors set forth in 18 U.S.C. § 3553(a) to the extent

they are applicable."  18 U.S.C. § 3582(c)(1)(A).  The applicable policy statement provides that a

defendant's medical circumstances can provide an extraordinary and compelling basis for a

1

reduction of sentence in some situations:

**(A)** The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

**(B)** The defendant is--

**(i)** suffering from a serious physical or medical condition,

**(ii)** suffering from a serious functional or cognitive impairment, or

**(iii)** experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

**(C)** The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

**(D)** The defendant presents the following circumstances--

**(i)** the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;

(ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and

(iii) such risk cannot be adequately mitigated in a timely manner.

U.S.S.G. § 1B1.13(B)(1).[1]

Green moves here for a reduction in sentence because of his prostate cancer diagnosis,

ongoing radiation treatments, and additional medical conditions including urination problems,

---

[1] U.S.S.G. § 1B1.13 was amended in 2023 to make clear that the policy statement applies to motions filed by a defendant, not only to motions filed by the BOP.

high blood pressure, degenerative disc disease, sleep apnea, and Raynaud's Syndrome.[2] But the Court lacks sufficient information about Green's current medical circumstances to decide if a reduction is warranted. Green has not submitted medical records to the Court, nor apparently to the U.S. Attorney or the BOP. The Court cannot determine on the record before it whether Green would be able to provide self-care in prison. The Court does not know Green's long-term prognosis and whether he is expected to enter remission. The Court does not know how difficult it would be for the BOP to facilitate the necessary medical treatments.

Accordingly, **the Court orders Green to file relevant medical records on or before August 10, 2026.** Green also may file letters or sworn statements from his medical providers regarding his diagnoses, prognosis, medical treatments, and his ability to provide self-care. Green may file this medical documentation under seal. **Green shall file a supplemental brief on or before August 17, 2026.**

Thereafter, the U.S. Attorney shall provide the medical documentation to the Regional Medical Director of the BOP for an updated assessment. **The U.S. Attorney shall file a supplemental brief on or before September 14, 2026.**

The Court sets this matter for a hearing on October 1, 2026.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge

---

[2] The Court was aware of Green's cancer diagnosis and other medical issues at the time of sentencing. (Presentence Investigation Report, Doc. 390 at PageID 2306, 2311.)

3