IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | : | |
| | : | Case No. 1:20-cr-52 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Denying First Motion to Reduce |
| Kenneth Eugene Green, | : | Sentence |
| | : | |
| Defendant. | : | |

This matter is before the Court on the First Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Compassionate Release) filed by Defendant Kenneth Eugene Green. (Doc. 398.) The Government filed a Response in Opposition, and then the Court issued an Order for Green to supplement the record with his relevant medical records. (Docs. 401, 402.) Green's medical records were filed under seal on August 18, 2026. (Doc. 403.) Green declined the opportunity to supplement his Motion based on the medical records. The Government was given leave to supplement their opposition after reviewing the medical records, but the Court does not find that to be necessary. Because Green has not established that his medical condition justifies a reduction in his sentence, the Court will **DENY** Green's Motion.

**I.**

On September 9, 2025, the Court sentenced Green to 30 months imprisonment followed by 5 years of supervised release for conspiracy with intent to distribute fentanyl. (Doc. 393.) The Court has twice extended the self-surrender date for Green because he was diagnosed with and received radiation treatment for benign prostatic hyperplasia, more commonly known as prostate cancer. (Docs. 396, 400.) He is currently ordered to self-surrender to the Bureau of

Prisons ("BOP") on October 29, 2026. (Doc. 400.) Green moves the Court to reduce his sentence under § 3582(c)(1)(A)(1).

A district court can reduce a term of imprisonment upon motion of a defendant for "extraordinary and compelling reasons" if the reduction is "consistent with applicable policy statements" but only after "considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable." 18 U.S.C. § 3582(c)(1)(A). The applicable policy statement provides that a defendant's medical circumstances can provide an extraordinary and compelling basis for a reduction of sentence in some situations:

> (A) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (B) The defendant is--
>
> (i) suffering from a serious physical or medical condition,
>
> (ii) suffering from a serious functional or cognitive impairment, or
>
> (iii) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.
>
> (D) The defendant presents the following circumstances--
>
> (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
>
> (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of

> exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
>
> (iii) such risk cannot be adequately mitigated in a timely manner.

U.S.S.G. § 1B1.13(B)(1).[1]

Green moved here for a reduction in sentence because of his prostate cancer diagnosis, radiation treatments, and additional medical conditions including urination problems, high blood pressure, degenerative disc disease, sleep apnea, and Raynaud's Syndrome.[2] (Doc. 398 at PageID 2581, 2588.) Green goes so far as to argue as follows:

> As is evident from his continued treatments, the fact that his cancer is not in remission, Mr. Green is not suitable for incarceration, in fact, incarceration would be life-threatening.

(*Id.* at 2599.) But Green fails to point out, and the Court was unable to find, any statements in the medical records that would support that argument. Undoubtedly, Green was diagnosed with and received radiation treatment for prostate cancer. (Doc. 403 at PageID 2617; Doc. 403-1 at PageID 2658.) He also has been diagnosed with Raynaud's disease, sickle cell trait, degenerative disc disease, and sleep apnea. (Doc. 403-1 at PageID 2658–2659.)

However, the Court does not find support in the medical records for Green's assertion that his prostate cancer treatments are continuing. Progress notes dated April 27, 2026 indicated that he had completed radiation by that date. (*Id.* at PageID 2658.) Radiation oncology notes dated June 16, 2026 stated that Green "did well throughout treatment." (*Id.* at PageID 2636–2637.) And Bailey Nelson, MD, stated that Green's "after care monitoring" would involve only monitoring his PSA every 6-12 months for five years. (Doc. 403 at PageID 2617.)

Also, contrary to Green's assertion in the Motion that his cancer remains life threatening,

---

[1] U.S.S.G. § 1B1.13 was amended in 2023 to make clear that the policy statement applies to motions filed by a defendant, not only to motions filed by the BOP.

[2] The Court was aware of Green's cancer diagnosis and other medical issues at the time of sentencing. (Presentence Investigation Report, Doc. 390 at PageID 2306, 2311.)

Dr. Nelson stated as follows:

> [Green's] prognosis is excellent. Very, very low risk that [his] prostate cancer will be a threat to [his] life, especially now that it has been satisfactorily treated.

(*Id.*) Dr. Nelson also pointed out that Green's symptoms of forgetfulness and fatigue in August 2026 "are not from the radiation." (*Id.*) Her conclusion is supported by radiation oncology notes from June 2026 which plainly state that Green's "[s]ymptoms of chronic brain fog and forgetfulness are not related to radiation treatments." (Doc. 403-1 at PageID 2636.)

Turning back to the relevant Sentencing Guideline, Green has not established that he is suffering from a terminal illness. U.S.S.G. § 1B1.13(B)(1)(A). He also has not established that he is suffering from a serious physical or medical condition that "substantially diminishes" his ability "to provide self-care within the environment of a correctional facility" or that "requires long-term or specialized medical care that is not being provided and without which [he] is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(B)(1)(B) and (C). Green simply has not shown that the BOP will be unable to provide him adequate medical care during his incarceration.

## II.

For the above reasons, Green's First Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Compassionate Release) (Doc. 398) is **DENIED**. Green shall surrender to the Bureau of Prisons on October 29, 2026 as previously ordered. (Doc. 400.)

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge